IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-23-BO-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TORREY ROBINSON | ) | |

This matter is before the Court on defendant's motion requesting early termination of his term of supervised release [DE 355]. The government has responded in opposition, and the matter is ripe for ruling. For the following reasons, defendant's motion is granted.

Defendant Torrey Robinson served a term of 120 months' imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, 50 grams of cocaine base (crack), and 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. He was also sentenced to a five-year term of supervised release, which he began on January 12, 2016. He was moved to low-intensity supervision on June 6, 2018. He then filed the instant motion for early termination of his supervised release.

In his motion, defendant represents that he is financially stable and has run his own trucking business for over a year. He has performed successfully on supervision for the last two and a half years, including completing 500 hours of drug programming, and lives with his fiancée. The government has responded in opposition to the motion, on the grounds that defendant's criminal history and the instant conviction are serious, and he has only recently been moved to low-intensity supervision.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised

release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Although the Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), after considering the requisite factors in § 3553(a), the Court finds that early termination is warranted in this instance. Apart from noting the amount of drugs defendant was found responsible for at sentencing, the government's motion is focused on defendant's prior criminal convictions, one of which is a misdemeanor and the newest of which is from 2001.

The level of stability defendant demonstrates in his motion indicates the goals of supervised release have been satisfied. The Court has determined that additional supervision would not further the interests of justice. The motion for early termination [DE 355] is therefore GRANTED.

SO ORDERED, this __9__ day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE